UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAWN H.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-1502 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

      Plaintiff appeals the ALJ's 2021 decision finding her not disabled. Plaintiff contends the ALJ erroneously discounted her testimony and the opinions of treating doctors Gregory Maddox, M.D. and Andrea Bachhuber-Beam, M.D., that her migraine headaches are disabling, and the Court should accordingly remand for an award of benefits. Dkt. 10 at 1-2. The Court finds the ALJ's decision is free of harmful legal error and supported by substantial evidence and accordingly **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

## BACKGROUND

      This is the second time Plaintiff seeks review of her 2016 application for Title II disability insurance benefits. In a 2018 decision, ALJ Glenn Meyers found Plaintiff not disabled. AR 15–27. Plaintiff sought review in this Court, and in 2020, this Court reversed ALJ Meyers'

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

decision, and remanded the matter for further proceedings. AR 802–08.

On remand, ALJ Meyers conducted a new hearing. AR 712–39. Plaintiff amended her alleged onset date to January 1, 2013, and her last date insured is December 31, 2018. AR 743–44. On September 1, 2021, ALJ Meyers issued a decision finding Plaintiff not disabled. AR 743–59. In relevant part, the ALJ found the following: Plaintiff has severe impairments of migraines, obesity, and spine disorder, but retains the residual functional capacity ("RFC") to perform light work with additional postural, social, and cognitive restrictions; Plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. AR 743-759. Plaintiff now seeks judicial review of the ALJ's 2021 decision.

## DISCUSSION

The Court may reverse ALJ Meyers' decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.      Plaintiff's Testimony

At the 2021 hearing before ALJ Meyers, Plaintiff testified she cannot work due to migraine headaches, AR. 751. Plaintiff argues the ALJ erred in rejecting this testimony. Dkt. 10 at 3–5. Because the ALJ found migraine headaches are a severe impairment and did not find malingering, AR 751-52, the ALJ was required to provide specific, clear, and convincing reasons to reject Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Plaintiff testified she has daily headaches and had severe headaches two or three times a week, AR 44–45, 233, 235, 247, 725, 727; she lies in the dark or takes Vicodin or hydrocodone to treat her headaches, AR 45–46, 726; that within 30 to 45 minutes of taking medication, she falls asleep for four to six hours, AR 44, 726-27; she experiences eye problems, nausea, vomiting, dizziness, and irritability with severe headaches, AR 235, 257; she cannot perform household chores, drive or do hobbies when she has severe headaches, AR 727, 730; and her headaches prevent her from seeking employment.  AR 728.

The ALJ found while Plaintiff has migraine headaches, they are not as disabling as she claims. The ALJ provided several reasons for discounting Plaintiff's testimony, at least one of which is valid and supported by substantial evidence.  The ALJ first found Plaintiff's testimony about the severity of her headaches is inconsistent with the medical record and past statements Plaintiff has made about why she cannot work.  AR 752.

The ALJ observed in 2016, Plaintiff worked for six weeks and that she stated she could no longer work due to coughing and sciatic pain, not migraine headaches.  *Id.*

The ALJ also noted Plaintiff's September 9, 2016, medical records indicate she told her providers she started a new job. AR 752-53. This record noted "pt has new job" and "pt has chronic cough & sees Dr. Maddox after dental appointment today." AR 513.  When Dr. Maddox saw Plaintiff later that day, he noted Plaintiff was in no acute distress and her migraine headaches were "well controlled." AR 512.

On October 4, 2016, Plaintiff went to the Swedish ER. Her assessment and treatment summary indicates Plaintiff sought treatment for "back pain and cough." AR 597. The report notes Plaintiff has a history or headaches but denied focal vision loss, speech changes." *Id.* .

On October 5, 2016, Dr. Maddox saw Plaintiff for "chronic pain."  AR 511.  The doctor noted

Plaintiff just got a job "working with project access" and her pain level was 4/10 with medications. *Id.* On October 8, 2021, Dr. Turner saw Plaintiff who reported "Patient words: Pt here for persistent cough-chronic." AR 509. On October 15, 2021, Dr. Maddox examined Plaintiff and noted Plaintiff presents for cough and Plaintiff indicated she "gets so anxious she coughs uncontrollably." AR 505. Dr. Maddox noted Plaintiff has long standing migraines, but did not indicate the condition was discussed. *Id.* Rather, Plaintiff told Dr. Maddox "Panic attacks have cuase [sic] her to lose her job recently." *Id.*

The ALJ found Plaintiff gave different versions of why she could not work. As noted above, in 2016 Plaintiff made statements she could not work based on conditions such as panic attacks, coughing and sciatic pain, not migraine headache. However, at the September 20, 2018, hearing the ALJ conducted, Plaintiff claimed she could not work due to uncontrolled headaches, not coughing or sciatic pain. *Id.* Plaintiff again claimed at the 2021 hearing she cannot work due to migraine headaches.

Plaintiff does not contest the ALJ's finding that she stated she stopped working in 2016 due to coughing and sciatic pain. Rather Plaintiff argues the medical record supports her testimony her migraine headaches prevent her from working. To be sure, Plaintiff's medical records indicate Plaintiff has been seen for severe headaches. *See e.g.* AR 591 (report dated 3/29/16 stating P is "female w/hx of chronic recurrent Has who presents in the ED c/o HA pt reports recurrence of her chronic HA 3 days."). But the medical records generated in 2016 when Plaintiff was working and then stopped show Plaintiff sought medical care for coughing and back pain and told Dr. Maddox she stopped working because of panic attacks.

Plaintiff's medical record also shows that during the relevant time-period (2013 to 2018) she consistently presented with a long list of medical conditions including chronic cough,

bronchitis, chronic obstruction exacerbation, chronic sinusitis, sciatica of right side, chronic pain, hip pain, sleep apnea, hypertension, obesity, diabetes, anxiety, depression, as well as migraine headache. *See e.g.* AR 549-50 (medical record containing "problem list"). These records do not show Plaintiff's migraine headaches standout as her primary problem, and do not set forth opinions that migraine headaches limited Plaintiff's ability to function in the workplace.

Moreover, Plaintiff's argument side-steps the ALJ's determination to discount the testimony of Plaintiff who proffered one explanation for stopping work (coughing and sciatic pain) in 2016 and then claimed disability based upon another explanation (migraine headache). The Court thus cannot say the ALJ's determination to discount Plaintiff's testimony is irrational, or unsupported as the medical records generated about the time Plaintiff stopped working in 2016 tend to support the ALJ's determination. As the ALJ may validly discount a claimant's testimony based upon inconsistencies in statements made by the claimant and record, the Court affirms the ALJ's finding. *See Eblen v. Saul*, 811 Fed.Appx. 417 (9th Cir. 2020).

The ALJ also discounted Plaintiff's testimony for other reasons. But even assuming the other reasons are insufficient, any error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). In sum, the Court affirms the ALJ's determination to discount Plaintiff's testimony.

**2.     Dr. Maddox's Opinions**

Plaintiff contends the ALJ erroneously discounted Dr. Maddox's opinion that Plaintiff cannot work due to migraine headaches. Dkt. 10 at 5–7. In June 2018, Dr. Maddox, Plaintiff's

treating doctor,[1] completed a questionnaire that Plaintiff's counsel prepared. The questionnaire is not a treatment report but lists a series of statements or questions asking Dr. Maddox whether he agreed or disagreed. *Id.* For instance, Dr. Maddox agreed counsel accurately summarized several findings and reports from treatment notes; the treatment notes describing Plaintiff's migraines as "not intractable" meant the migraines were susceptible to control with medication or treatment, but did not address the severity or impact of the migraines prior to being brought under control through medication or treatment; and that Plaintiff would probably miss three or more days of work per month due to her migraine headaches. *Id.*

The ALJ rejected Dr. Maddox's opinions for several reasons, at least one of which is valid. The ALJ found the questionnaire opinion failed to provide objective medical findings, that is, the opinion is brief, conclusory, and inadequately supported. AR. 756. For instance, the questionnaire asks Dr. Maddox if Plaintiff would miss work three or more days a month. The doctor answered "Yes she would more probably than not miss > 3 days of work per month" but provided no explanation as to how he arrived at this conclusion. AR 651. As Dr. Maddox's questionnaire opinion, on its face, provides no basis for this limitation, the ALJ reasonably discounted the opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues Dr. Maddox's failure to explain why Plaintiff would miss work at least 3 days is of no moment because "it is pretty evident in this case that this is due to the Plaintiff's migraines." Plaintiff however points to nothing in the record showing Dr. Maddox's treatment records contain findings or opinions that Plaintiff would miss work 3 days a month due to migraine headaches. Plaintiff thus presents an argument, not a basis showing Dr. Maddox provided a rationale or that the doctor created a treatment record that supports his opinion. Also,

---

[1] *See* AR 650–51. *See* AR 392–458, 505–07, 511–12, 515–18, 545–47, 549–50, 552–54, 658–708.

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

as noted above, while there is no question Plaintiff has been treated for migraine headaches, migraines are just one of many conditions Dr. Maddox treated, and the headaches do not stand as Plaintiff's primary or as a disabling condition. Hence the doctor's records as a whole do not provide support for his opinions.

The Court further notes Dr. Maddox answered "yes" regarding how a treatment note of "01/24/2017" indicates Plaintiff must lie down in a dark room for two hours after taking medication to reduce her migraine pain level to 4/10. AR 651. Dr. Maddox's records do not support this.

Dr. Maddox saw Plaintiff on January 3, 2017, to follow-up a sleep and mental health evaluation. AR 549. Dr. Maddox noted Plaintiff denied symptoms but was "emotional today discussing her life challenges" and "would be interested in becoming a pharmacy tech." *Id.* On January 10, 2017, Plaintiff's records noted her current symptoms were night sweats, chest pain, shortness of breath depression, anxiety, and back pain. AR 548. On January 24, 2017, Dr. Maddox saw Plaintiff for medication refills and a general checkup; he noted Plaintiff had multiple complaints including insomnia and depression. AR 546. Dr. Maddox noted Plaintiff has a "pain scale of 4/10 with meds when she has a migraine," Plaintiff was in no acute distress, and needs "better HA control." AR 547. The doctor's record does not mention the need to lie down for two hours in a dark room to achieve the 4/10 pain scale. And on February 28, 2017, Dr. Maddox saw Plaintiff for persistent cough. AR 545.

Accordingly, the Court finds the ALJ did not err in rejecting Dr. Maddox's questionnaire opinion on the grounds it lacked objective medical findings, that is, the opinion is brief, conclusory, and inadequately supported. As this is a valid reason to reject Dr. Maddox's opinion, even assuming the other reasons the ALJ gave to discount the opinion such as it relied too much

on Plaintiff's self-reports are erroneous, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3. Dr. Bachhuber-Beam

Plaintiff also contends the ALJ erroneously rejected Dr. Bachhuber-Beam's opinion. Dkt.10 at 7. In March 2021, Dr. Bachhuber-Beam, a treating doctor, completed a questionnaire prepared by Plaintiff's counsel. AR 1316–17. Dr. Bachhuber-Beam stated Plaintiff has daily migraines and severe headaches one to three times every week; opined Plaintiff's migraines interfere with prolonged standing, walking, or sitting upright as Plaintiff must often lie down during the day; Plaintiff cannot perform activities of daily living after taking medication for two to ten hours, AR 1316; and Plaintiff would miss work three or more days per month because of "irregular flare up" that would likely occur "> 3 times per month." AR 1317.

The ALJ rejected Dr. Bachhuber-Beam's opinions because they were "brief, conclusory, and failed to provide a rational for the opinions provided," and also not supported by the medical record. AR. 756. Citing to *Garrison v. Colvin,* 795 F.3d 995, 1014, n. 17 (9th Cir. 2014), Plaintiff argues the ALJ erred in rejecting Dr. Bachhuber-Beam's opinion because it is consistent with her treatment notes. Dkt. 10 at 7.

However, Dr. Bachhuber-Beam did not treat Plaintiff during the relevant time-period, i.e., between the alleged 2013 onset date and the last date insured of December 2018 for migraine headaches. The doctor started treating Plaintiff about November 5, 2018, when Plaintiff's care was transferred to her. At this appointment Plaintiff was seen for a skin lesion.

AR 1170.  Thereafter, Dr. Bachhuber-Beam saw Plaintiff on January 3, 2019, for chronic pain syndrome, AR 1166; February 11, 2019, for chronic pain syndrome, hypertension and anxiety, AR 1161;  March 18, 2019, for chronic pain and fatigue, AR 1159; April 18, 2019, for chronic pain, diabetes and anxiety, AR 1155; May 18, 2019, for chronic pain, sciatica and diabetes, AR 1152; September 26, 2019, for diabetes, AR 1146; November 12, 2019, for chronic pain, migraine and diabetes, AR 1143; December 19, 2019, for digestion and vomiting problem, AR 1141; January 13, 2020, for chest pain, AR 1135; January 31, 2020, to "discuss some question for court (disability)" and "muscle pain" on her side, AR 1132; March 10, 2020, for chronic pain syndrome, seizure and itching, AR 1268; March 18, 2020, for diabetes, and itching, AR 1265; April 2, 2020, for itching, AR 1261; April 17, 2020, for night leg cramps, diabetes, seizure and insomnia, AR 1257; April 27, 2020, for adrenal tumor, AR 1254; May 15, 2020, for medication update, AR 1251; June 8, 2020, for migraines and leg cramps, AR 1248; June 24, 2020, for itching, AR 1246; July 8, 2020, for a biopsy, AR 1243; July 30, 2020, for medication refill for itching, AR 1241; August 8, 2019, for chronic pan, AR 149; August 10, 2020, for medication refill, AR 1239;  September 18, 2020, for diabetes, AR 1231; October 14, 2020, for migraine evaluation, AR 1229; November 2, 2020, for diabetes and migraine, AR 1227; December 1, 2020, for migraine without aura AR 1224 January 25, 2021, for anxiety, AR 1220; February 23, 2021, to discuss labs and increased stress, AR 1216; March 31, 2021, for medications refills for pain and evaluation of migraines, AR 1213; May 24, 2021, for hypertension AR 1208; and June 14, 2021, for finger pain, AR 1206. Dr. Bachhuber-Beam thus saw Plaintiff 32 times, for a wide array of complaints and conditions, and recorded migraines as a reason for the examination in only six instances.

Substantial evidence thus supports the ALJ's determination that Dr. Bachhuber-Beam's

ORDER AFFIRMING AND DISMISSING
THE CASE - 9

opinion is not supported by treatment records from the relevant time-period, or her own records from after the relevant period. Virtually all of the doctor's contact with Plaintiff was after the relevant time-period. Although an ALJ may not automatically disregard opinions given after the relevant period, the Court cannot say ALJ was unreasonable in finding the Dr. Bachhuber-Beam's opinion does not square with the medical record regarding the relevant time period. The medical records generated before Dr. Bachhuber-Beam began treating Plaintiff and the records she generated both show Plaintiff was seen for a wide array of maladies and symptoms. Migraine headaches do not stand out as a disabling condition. Dr. Bachhuber-Beam's records in fact show that while Plaintiff has migraine headaches, the doctor mainly treated and addressed other conditions and symptoms. As with Dr. Maddox's medical records, Dr. Bachhuber-Beam's records do not contain functional assessments or opinions regarding what limitations migraine headaches imposed upon Plaintiff's ability to work. The medical record thus shows Plaintiff has long suffered from migraine headaches. But the record does not provide opinions or findings about whether the severity of the headaches are disabling as Plaintiff claims, or severe but not disabling as the ALJ determined.

      One could argue, as Plaintiff does, the medical record is susceptible to more than one rational interpretation: Plaintiff's view that she suffers from documented migraine headaches that seriously affect her to the point of disability, and the ALJ's view that while Plaintiff has migraines, they are not disabling. The Court cannot say that the ALJ's view is irrational or is not supported by substantial evidence of record.

      Thus, even assuming there are two rational interpretations of the evidence of record, the Court is required to affirm the ALJ's interpretation.

//

ORDER AFFIRMING AND DISMISSING
THE CASE - 10

**CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 25th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE